Filed 7/31/26  P. v. Parra CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B351256 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. 25SFCF01690 |
| v. | |
| JOSE DE PARRA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David W. Stuart, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

An information charged Jose De Parra with fleeing a pursuing peace officer while driving recklessly, driving a vehicle without consent after having similar prior convictions, and

resisting, delaying, or obstructing a peace officer.  De Parra also had a 2009 conviction for assault, which the prosecutor alleged to be a "strike" under the Three Strikes Law that would subject De Parra to increased prison sentences if convicted of the newly charged offenses.

In October 2025, De Parra filed a motion for mental health diversion, which the prosecutor opposed.

In December 2025, the trial court denied De Parra's motion, citing public safety concerns.  That same day, De Parra pleaded no contest to the felony reckless evading count.  The court accepted De Parra's plea and imposed the negotiated low-term sixteen months of imprisonment.

De Parra immediately filed a notice of appeal.  He also requested a certificate of probable cause, citing as the basis for his appeal the intent to challenge the denial of his motion for mental health diversion.

The court denied De Parra's request for a certificate of probable cause.

We generally cannot rule on the merits of an appeal following a negotiated plea unless the defendant has a certificate of probable cause.  (Pen. Code, § 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095 (*Mendez*); Cal. Rules of Court, rule 8.304(b).)  There are exceptions to this rule, but none of those exceptions apply here.  (See *Mendez*, *supra*, 19 Cal.4th at p. 1096 "[t]he defendant may take an appeal without a statement of certificate grounds or a certificate of probable cause if he does so solely on noncertificate grounds, which go to postplea matters not challenging his plea's validity and/or matters involving a search and seizure".)

De Parra's appellate counsel filed an opening brief raising no issues, noting De Parra's "appeal lies for any sentencing error that would not violate the plea agreement." Counsel also asked this court to review the record independently under *Wende*. Counsel further advised De Parra of his right to file a supplemental brief for us to consider. De Parra filed no response.

We have examined the entire appellate record. We are satisfied counsel fully complied with his responsibilities and no arguable issues exist. (See *Wende, supra,* 25 Cal.3d at pp. 441–442.)

## DISPOSITION

We affirm the judgment.

WILEY, J.

We concur:

STRATTON, P. J.

SCHERB, J.

3